# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE  DIVISION
### CIVIL NO. 3:06CV14-H

| | | |
|---|---|---|
| **JOHN WALKER,** | **)** | |
| **Plaintiff,** | **)** | |
| | **)** | |
| **vs.** | **)** | **MEMORANDUM AND ORDER** |
| | **)** | |
| **JO ANNE B. BARNHART,** | **)** | |
| **Commissioner of Social** | **)** | |
| **Security Administration,** | **)** | |
| **Defendant.** | **)** | |
| | **)** | |

**THIS MATTER** is before the Court on the Plaintiff's "Motion for Summary Judgment" (document #12) and "Brief Supporting ..." (document #13), both filed May 26, 2006; and Defendant's "Motion For Summary Judgment" (document #14) and "Memorandum in Support of the Commissioner's Decision" (document #15), both filed July 24, 2006.  The parties have consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c), and these motions are now ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the undersigned finds that the Defendant's decision to deny Plaintiff Supplemental Security Income benefits is supported by substantial evidence.  Accordingly, the undersigned will <u>deny</u> Plaintiff's Motion for Summary Judgment; <u>grant</u> Defendant's Motion for Summary Judgment; and <u>affirm</u> the Commissioner's decision.

## I.  PROCEDURAL HISTORY

On July 31, 2002, the Plaintiff filed an application for Supplemental Security Income ("SSI"), alleging he was unable to work as of July 1, 1997 due to borderline intellectual functioning

and obesity. The Plaintiff's claim was denied initially and on reconsideration.

Plaintiff requested a hearing, which was held on December 16, 2004. On December 17, 2004, the ALJ issued a decision denying the Plaintiff's claim, concluding that although the Plaintiff's morbid obesity, borderline intellectual functioning, and depression were "severe impairments" within the meaning of the Social Security regulations, he was still able to perform a "wide range" of sedentary jobs and, accordingly, was not disabled.

The Plaintiff subsequently filed a timely Request for Review of Hearing Decision. On March 7, 2005, the Appeals Council denied the Plaintiff's request for review, making the hearing decision the final decision of the Commissioner.

The Plaintiff filed this action on January 19, 2006. On appeal, the Plaintiff submits a single assignment of error: that his obesity resulted in a medically-determinable "inability to ambulate effectively" and therefore constituted a disabling condition under listing 1.02A of the Social Security Regulations, discussed below.

The parties' cross-motions for summary judgment are now ripe for the Court's consideration.

## II. FACTUAL BACKGROUND

Relevant to the present appeal, the Plaintiff testified at the hearing that he was 32 years-old; that he was 5' 11 1/2" tall and weighed approximately 517 pounds; that he had completed the eighth grade and could read and write; that he had past relevant experience working at a McDonald's restaurant and in a textile mill; that he had difficulty walking due to weight-related leg and back pain and shortness of breath; and that he was unable to walk for exercise.[1] The Plaintiff also testified that

---

[1]Although this factual recitation is limited to those facts relating to the single issue raised on appeal, the undersigned notes that the Plaintiff has stipulated to the ALJ's statement of the facts (Tr. 23-28) in its entirety. See document #13 at 2.

he had driven himself to the hearing.

A Vocational Expert ("VE") characterized the Plaintiff's past work experience as light and unskilled (fast food worker) and medium and unskilled (textile worker).

The ALJ presented the VE with the following hypothetical:

[a]n individual with a similar work background, age and education who is limited to sedentary work that doesn't require performance of detailed tasks or maintaining attention and concentration for periods of more than two hours at a time. With those limitations would there be occupations that could be performed?

(Tr. 63.)

The VE testified that with those limitations, the Plaintiff could perform jobs as a mechanical assembly worker, an electronic assembly worker, and a container examiner; and that 25,000 of those jobs existed in North Carolina. The VE further clarified that these jobs could be performed while seated "most of the time" and even if the worker could adapt to no more than occasional changes in workplace routine.

In assessing the claimant's residual functional capacity ("RFC"), medical experts for North Carolina Disability Determination Services ("NCDDS") opined that the claimant could perform medium exertional work which did not require frequent climbing, balancing, stooping, kneeling, crouching or crawling, or working at heights or around dangerous moving equipment.

A Report of Contact, dated January 14, 2003, reflects that the Plaintiff's mother, Tamasina Mason, told the Agency interviewer that the Plaintiff lived in her home; that he could shower and dress himself; and that the Plaintiff visited with family, including going to his brother's house for meals.

As the Plaintiff concedes in his brief, his ability to walk is addressed in only a single medical record, that of Tyler I. Freeman, M.D., who evaluated the Plaintiff consultatively on February 12, 2003. Dr. Freeman noted that the Plaintiff complained of shortness of breath and knee, back, and ankle pain,

weighed "around 500 pounds," was "morbidly obese," had "limited flexion and extension of the lumbosacral spine to 40 degrees/20 degrees" and was unable to perform heel-to-toe maneuvers or to squat and rise. However, concerning the Plaintiff's ability to walk, Dr. Freeman noted only that Plaintiff "ambulate[d] normally into the examination room and [wa]s able to get on and off the exam table without assistance." Further, an examination revealed that "all [of the Plaintiff's] joints clinically appear[ed] normal."

Considering this and the other undisputed evidence of record, the ALJ concluded that the Plaintiff was not "disabled" for Social Security purposes. It is from this decision that the Plaintiff appeals.

### III.  STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The district court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to re-weigh the evidence, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## IV. DISCUSSION OF CLAIM

The question before the ALJ was whether at any time the Plaintiff became "disabled" as that term of art is defined for Social Security purposes.[2]   The ALJ considered  the above-recited evidence and found after the hearing that Plaintiff had not engaged in substantial gainful activity at any time relevant to the decision; that the Plaintiff suffered morbid obesity, depression, and borderline intellectual

---

[2]Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .

Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

functioning, which were severe impairments within the meaning of the Regulations; but that Plaintiff's impairment or combination of impairments did not meet or equal the criteria of any of the disabling impairments listed in Appendix 1, Subpart P, Regulations No. 4 (a.k.a. "the Listings"); that Plaintiff was unable to perform his past relevant work; that the Plaintiff was a "younger individual" with a limited education and no transferable skills; and that the Plaintiff had the residual functional capacity for a "wide range of sedentary work,"[3] that permitted the worker to sit for the majority of the workday and that did not require sustained concentration for more then two hours or involve more than occasional changes in workplace routines.

The ALJ then correctly shifted the burden to the Secretary to show the existence of other jobs in the national economy which the Plaintiff could perform. The VE's testimony, stated above and based on a hypothetical that factored in the limitations discussed above, provided substantial evidence that there were a significant number of jobs in the national economy that the Plaintiff could perform, and, therefore, that the Plaintiff was not disabled.

As discussed above, the Plaintiff assigns error only to the ALJ's conclusion that his morbid obesity was not a medically-determinable disabling impairment under listing 1.02A, Appendix 1, Subpart P, Regulations No. 4 ("major dysfunction of a joint(s) (due to any cause) resulting in inability to ambulate effectively, as defined in 1.00B2b"). See "Motion for Summary Judgment" (document #12) and "Brief Supporting ..." (document #13).

Although listing 1.02A refers to joint dysfunction rather than obesity, Social Security Regulation 02-1p provides that "if the [Plaintiff's] obesity is of such a level that it results in an inability

---

[3]Sedentary work involves lifting no more than 10 pounds at one time and occasionally lifting and carrying items such as docket files, ledgers, and small tools. See 20 C.F.R. § 416.967(a); SSR 83-10. Sedentary work is performed primarily in a seated position, but occasional walking and standing is often required. 20 C.F.R. § 416.967(a); SSR 83-10. "Occasionally" means from very little up to 2 hours out of an 8-hour work day. SSR 83-10.

to ambulate effectively, as defined in section 1.00B2b of the listings, it may substitute for the major dysfunction of a joint(s) due to any cause, with the involvement of one major peripheral weight-bearing joint in listing 1.02A."

Ineffective ambulation is defined as having "insufficient lower extremity functioning to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities." 20 C.F.R. Ch. III, Pt. 4-4, Subpt. P, App. 1, § 1.00B2(b)(1).

Applying these principles, there was substantial evidence to support the ALJ's conclusion that the Plaintiff's obesity did not result in an inability to ambulate effectively within the meaning of listings 1.00B2 and 1.02A. As discussed above, Dr. Freeman found that the Plaintiff ambulated normally, and the Plaintiff, who bears the burden of proof, offers only his subjective opinion that he is unable to walk. The Plaintiff admitted, however, that he traveled to the hearing alone, and there is no indication in the record that the Plaintiff ever used a cane, crutch, walker or other assistive device.

In short, there was substantial evidence to support the ALJ's conclusion that the Plaintiff's obesity was not a medically-determinable disabling impairment. Accordingly, and where it is otherwise undisputed that a person with the Plaintiff's residual functional capacity, age, education, and work experience <u>could</u> perform a substantial number of jobs in the national economy, the ALJ's ultimate decision to deny the Plaintiff SSI benefits must and will be <u>affirmed</u>.

## V. ORDER

**NOW, THEREFORE, IT IS ORDERED:**

1.    Plaintiff's "Motion For Summary Judgment" (document #12) is **DENIED**; Defendant's "Motion for Summary Judgment" (document #14) is **GRANTED**; and the Commissioner's decision is **AFFIRMED.**

2.       The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

**SO ORDERED, ADJUDGED, AND DECREED.**

Signed: July 25, 2006

Carl Horn, III
United States Magistrate Judge